# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| **In re**<br>**NORMA MAE,**<br>                    **Debtor** | **Chapter 13**<br>**Case No. 10-13533-FJB** |
| **NORMA MAE,**<br>                    **Plaintiff**<br>v.<br>**U.S. BANK, N.A., as Trustee,**<br> **et al.,**<br>                    **Defendants** | **Adversary Proceeding**<br>**No. 11-1009** |

**MEMORANDUM OF DECISION AND ORDER**
**ON DEFENDANTS' MOTION TO DISMISS COMPLAINT**
<u>**FOR FAILURE TO STATE A CLAIM**</u>

This adversary proceeding is before the Court on the motion of defendants U.S. Bank, N.A. ("U.S. Bank") and America's Servicing Company, a division of Wells Fargo Bank, N.A. ("Wells Fargo") to dismiss each of the six counts of the complaint of the plaintiff and chapter 13 debtor, Norma Mae ("the Debtor").[1] The complaint seeks damages against U.S. Bank, the assignee of the mortgage loan on certain property the Debtor owns, for irregularities in the origination of the loan—in which U.S. Bank is not alleged to have had any role—and in foreclosure proceedings commenced by U.S. Bank against the property.[2]

Count I, for unjust enrichment against U.S. Bank, seeks to recoup mortgage payments that the Debtor made to U.S. Bank that were unwarranted because the loan agreement was unfair and violated

---

[1] Although the complaint names Wells Fargo as a defendant, it does not actually demand relief against Wells Fargo, and therefore the present motion, though joined in by Wells Fargo, concerns only U.S. Bank.

[2] Foreclosure proceedings were commenced, but the complaint does not allege that a foreclosure sale has ever been held. U.S. Bank has been granted relief from the automatic stay to foreclose, and Debtor's motion in this proceeding to enjoin the foreclosure was denied.

one or another consumer protection law. The Debtor does not by this count seek to establish that the payments were unfair or collected in violation of law but merely to preserve a remedy in equity for recovering the payments if, (i) by another count, she establishes cause to conclude that the payments were unwarranted but (ii) there exists no remedy at law for recovering the payments. Insofar as this count is only remedial, I will refrain from dismissing it but, at the same time, recognize that it is derivative and remedial in nature and cannot stand alone.

Count II is brought against U.S. Bank under G.L. c. 183C, the Massachusetts Predatory Home Loan Practices Act (MPHLPA), and 940 CMR 8.06(15).[3] U.S. Bank seeks dismissal of this count on the basis that 940 CMR 8.06(15) creates no private right of action and that, in any event, she has pleaded no violation of this regulation by U.S. Bank, only by its predecessor in interest. It is true that 940 CMR 8.06(15) itself creates no private right of action. Of course, there exists a right of action under G.L. c. 93A for acts that the regulation defines as unfair or deceptive, but Chapter 93A is unavailing here. For reasons set forth below (see the discussion of Count V), an action under Chapter 93A against an assignee of rights under a note and mortgage may not be predicated solely on violative conduct by the assignee's predecessor in interest. The Court therefore dismisses Count II insofar as it is based on 940 CMR 8.06(15) and G.L. c. 93A.

Insofar as Count II is based on the MPHLPA, however, the law is different in two respects. First, the MPHLPA expressly authorizes suit under Chapter 183C by an aggrieved borrower. G.L. c. 183C, § 18(a) and (b). Chapter 183C thus gives a borrower a private right of action. Second, the MPHLPA expressly provides that, subject to certain affirmative defenses not invoked in conjunction with the present motion, "*any person who purchases or is otherwise assigned* a high-cost home mortgage loan shall be subject to all affirmative claims and any defenses with respect to the loan that the borrower could assert against the original lender or broker of the loan." G.L. c. 183C, § 15(a) (emphasis added).

---

[3] The reference to 940 CMR 8.05 in the heading of this count is not reiterated in the body or substance of the count. This is not in substance a count under 940 CMR 8.05.

2

Subsection (b) of the same statute is even more direct: "a borrower acting only in an individual capacity may assert claims that the borrower could assert against a lender of the home loan against any subsequent holder or assignee of the home loan as follows: . . . ." G.L. c. 183C, § 15(b).  I therefore hold that an assignee, as assignee, may be subject to the claims that the borrower has under the MPHLPA against the loan originator.  Accordingly, the motion to dismiss is denied as to Count II insofar as that count articulates a claim under the MPHLPA.

Count III, seeking damages against U.S. Bank for fraud by the loan originator (not U.S. Bank) in the origination of the loan, fails because it alleges no misrepresentation by U.S. Bank, only by its predecessor in interest, and is not viable against the assignee.  Fraud is not advanced here as a defense to enforcement of the contract but as a basis for affirmative relief in tort.  The holding in *Graves Equipment, Inc. v. M. DeMatteo Const. Co.,* 397 Mass. 110 (1986)—that an assignee of the rights of one party to a contract has no better rights than, and is subject to contractual defenses available against, the assignor—does not govern where the action is not on the contract but an affirmative claim in tort.

In Count IV, the Debtor seeks damages for unspecified injury incurred as a result of U.S. Bank's accelerating her loan without first affording her the 90-day notice required by G.L. c. 244, § 35A.  U.S. Bank seeks dismissal of this count on the basis that the predicate allegation is false: U.S. Bank simply contends that the requisite notice was given.  This is not cause for dismissal under Rule 12(b)(6), which tests only the adequacy of the complaint's allegations, not their veracity.  The allegation is not implausible.  Dismissal must therefore be denied as to this count.

Count V is in fact two counts, both predicated on the same operative facts.  U.S. Bank seeks dismissal of the first, which is under the Real Estate Settlement Procedures Act 12 U.S.C. § 2601, et seq. ("RESPA"), as barred by its statute of limitations.  In response, the Debtor, conceding that the complaint was filed after the applicable limitations period, made an argument for tolling of the statute, but without a basis in law and without articulated facts that might justify tolling.  Tolling is essentially an

3

affirmative defense to a statute of limitations, and therefore, on a Rule 12(b)(6) motion, the burden is on the plaintiff Debtor to articulate facts establishing a plausible case for tolling.  The Debtor has not done so, and therefore this count must be dismissed.

The second part of Count V, under G.L. c. 93A and 940 CMR 8.05 (defining certain acts and practices as unfair or deceptive for purposes of action under Chapter 93A), must be dismissed because the only alleged basis for liability is the conduct of U.S. Bank's predecessor in interest.  Liability under G.L. c. 93A may not be predicated solely on the fact that defendant is the assignee of another whose conduct violated that statute.  *McKensi v. Bank of America,* 2010 WL 3781841, at *3 (D. Mass. 2010) (citing *Ford Motor Credit Co. v. Morgan*, 404 Mass. 537, 545 (1989)).  The holding in *Oduro v. Accredited Home Lenders, Inc.*, 2010 WL 1816239 *2 (Mass. Super. 2010) appears to be directly contrary to *Ford Motor Credit*, and therefore I decline to follow it.  As against the assignee, the Debtor has the benefit of any contractual defenses available against the originator; she does not also get—for use against the assignee—the benefit of extra-contractual setoffs that might have been available as against the originator, such as under Chapter 93A.

Count VI, for intentional infliction of emotional distress, must be dismissed.  The complaint, fairly construed, alleges only that U.S. Bank intended to exercise what it believed was its right to foreclose and, to that end, commenced foreclosure proceedings.  This behavior cannot constitute the "extreme and outrageous conduct" that is a required element of this tort.  The complaint does not state a plausible claim for relief of this nature.  *Tetrault v. Mahoney, Hawkes & Goldings*, 425 Mass. 456, at 466 (1997).

**ORDER**

For the reasons set forth above, the Motion to Dismiss is hereby

- denied as to Count I for unjust enrichment,

- granted as to Count II insofar as that count is based on 940 CMR 8.06(15) and G.L. c. 93A,

- denied as to Count II insofar as that count is based on G.L. c. 183C, the Massachusetts Predatory Home Loan Practices Act ,

- granted as to Count III for fraud,

- denied as to Count IV,

- granted as to the Count V claim under RESPA,

- granted as to the Count V claim under G.L. c. 93A and 940 CMR 8.05, and

- granted as to Count VI for intentional infliction of emotional distress.

Date: June 10, 2011

_____
Frank J. Bailey
United States Bankruptcy Judge

5